# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Anthony L. Viola,** | **CASE NO. 1: 17 CV 456** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| **Mark S. Bennett,** | <u>**Memorandum of Opinion and Order**</u> |
| **Defendant.** | |

*Pro se* plaintiff Anthony L. Viola, a federal prisoner incarcerated in the McKean Correctional Institution in Bradford, Pennsylvania, has filed this civil rights action against Mark S. Bennett, the Assistant United States Attorney who prosecuted him in *United States v. Viola*, Case No. 08 CR 506 (N.D. Ohio) (Nugent, J.).

The plaintiff was tried by a jury in Case No. 08 CR 506 and found guilty of two counts of conspiracy to commit wire fraud and thirty-three counts of wire fraud in violation of 18 U.S.C. §§371 and 1343. The trial court denied the plaintiff's motion for a new trial, in which he asserted ineffective assistance of counsel and prosecutorial misconduct, and sentenced him to 60 months imprisonment for each of the conspiracy counts and 150 months of imprisonment on each of the wire fraud counts, to be served concurrently and to be followed by three years of supervised release. The Sixth Circuit affirmed the district court's order denying the motion for a new trial. *United States v. Viola*, Case No. 12-3112 (6th Cir. Nov. 6, 2013).

The district court denied a subsequent motion by the plaintiff to vacate or set aside his sentence pursuant to 28 U.S.C. §2255, in which the plaintiff asserted among other things various forms of prosecutorial misconduct. The Sixth Circuit denied his motion for a certificate of

appealability to pursue an appeal of the district court's order denying this motion, and denied three other motions the plaintiff filed. *See United States v. Viola*, Case No. 16-3023 (6th Cir. Nov. 23, 2016). The Sixth Circuit held that jurists of reason could not disagree that the plaintiff had not made a substantial showing of the denial of a federal constitutional right.

In this civil rights action, the plaintiff alleges that AUSA Bennett violated his constitutional rights in his criminal case by making representations to the Sixth Circuit that he waived conflicts of interest regarding his counsel. He asks the Court to declare Bennett's representations "unconstitutional and issue an order enjoining [Bennett] from falsely informing any court that the Plaintiff waived any conflicts of interest." (Doc. No. 1 at 5.) The plaintiff further requests that "a Temporary Restraining Order be issued, until such time as a hearing concerning [the] matter can be held." (*Id.*)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required, under 28 U.S.C. §1915A, to screen any complaint in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint is frivolous, fails to state a claim, and must be dismissed pursuant to §1915A.

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), bars a prisoner from raising constitutional claims in a civil rights action if a judgment on the merits of

those claims would affect the validity of the prisoner's conviction or sentence, unless the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See also Edwards v. Balisok*, 520 U.S. 641 (1997).

*Heck* applies with equal force to a civil rights action brought against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998). In addition, *Heck* extends to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his federal conviction. His alleged civil rights claims are, therefore, barred under *Heck* because he has made no allegation or showing that the conviction has been invalidated in any of the ways articulated in *Heck*.

Further, the Sixth Circuit and other courts in this district have repeatedly rejected the plaintiff's allegations against Bennett. *See, e.g., United States v. Viola*, Case No. 16-3023 (6th Cir. Nov. 23, 2016); *U.S. Bank National Ass'n v. Viola*, Case No. 16 CV 969, 2016 WL 7012303, at *2 and cases cited in footnote 16 (N.D. Ohio Dec. 1, 2016).

**Conclusion**

Accordingly, for the reasons stated above, the plaintiff's motions for a temporary restraining order (Doc. No. 2) and for service of the complaint (Doc. No. 7) are denied, and this action is dismissed pursuant to 28 U.S.C. §1915A.

-3-

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 5/22/17